**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR. No. 05-072ML** |
| | : | |
| **CARLOS DAVID PEREZ** | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR DISCOVERY PURSUANT TO RULE 16(a)**

Now comes the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Stephen G. Dambruch, Assistant United States Attorney, and hereby responds to defendant's Motion for Discovery Pursuant to Rule 16(a) of the Federal Rules of Criminal Behavior as follows:

1. The government has forwarded to the defendant's attorney all discovery materials known and available to the government at this time that are required to be disclosed pursuant to Rule 16 of the Federal Rules of Criminal Procedure and the Court's Pretrial Discovery Order; and,

2. A copy of the discovery letter sent by the government to the defendant's attorney (without enclosures) is attached.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

STEPHEN G. DAMBRUCH
Assistant U.S. Attorney

## Certificate of Service

I hereby certify that on the 12th day of July, 2005, a copy of the within Government's Response was mailed, postage prepaid, to Thomas R. DeSimone, Esquire, 735 Smith Street, Providence, Rhode Island 02908.

**U.S. Department of Justice**

*United States Attorney*
*District of Rhode Island*

Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903

(401) 709-5000
FAX (401) 709-5001

July 11, 2005

Thomas R. DeSimone, Esquire
735 Smith Street
Providence, RI 02908

Re: *United States vs. Carlos David Perez*, CR No. 05-072ML.

Dear Mr. DeSimone:

This letter is to provide you with the discovery required under Rule 16 of the Federal Rules of Criminal Procedure and the Court's standard pretrial discovery order. In addition, this letter contains the government's requests for discovery under Rule 16.

A. <u>Discovery Under Rule 16</u>

1. The defendant did not testify before the grand jury which returned the indictment, nor did he make any statements to law enforcement officers.

2. The government is unaware of any criminal history for the defendant at this time.

3. The tangible evidence in the government's possession which is subject to the provisions of Rule 16(a)(1)(C) includes the following:

Multiple bags of crack cocaine
United States currency
Two digital scales
Coffee pot
Two sifters

If you wish to inspect and/or copy the government's evidence, please let me know and I will make the necessary arrangements. In addition, please be aware that the government may also use diagrams, charts, transcripts, or photographs to facilitate the presentation of some of the expected testimony. These items,

however, have not yet been prepared and are therefore presently unavailable for inspection.

4. No reports of the results of any physical examinations or scientific tests are available to the government at this time.

5. The government will call Charlestown Police Detective Ryan Gwaltney to testify about the results of field tests he conducted on the suspected crack cocaine and the gross weight of the suspected crack cocaine seized from the defendant. The government also intends to call Warwick Police Detective Steven Branch, an experienced narcotics investigator, to testify about his opinion that the suspected crack cocaine seized from the defendant and found in the apartment was in fact cocaine base in the form of crack cocaine. Furthermore, the government expects Detective Branch to testify about the street value of the crack cocaine and, based upon his training and experience, his opinion that the quantity of crack cocaine seized in this case is consistent with possession with the intent to distribute to others and not for personal use. He will additionally describe the methods of operation of narcotics distributors, including common terminology and the use of certain types of paraphernalia.

6. In addition to the information provided in this letter and its attachments, the government will provide any additional material or information which comes to its attention, within the meaning of Giles v. Maryland, 386 U.S. 66 (1967), Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972), which tends to negate the guilt of the accused or to reduce his punishment for the offense charged. The government is aware of its continuing duty to disclose exculpatory evidence.

7. The government did not intercept any conversations of the defendant pursuant to 18 U.S.C. §§2515-2518.

Although not required by Rule 16 or the Court's pretrial discovery order, I have also enclosed copies of the transcript of Rhode Island State Police Detective Patrick Reilly's grand jury testimony (pursuant to Rule 6(e) of the Federal Rules of Criminal Procedure this transcript and any copies of it must be returned to the government and/or destroyed at the conclusion of this case); Detective Branch's report dated May 26, 2005; and Detective Reilly's arrest report dated May 24, 2005.

B. Government's Discovery Requests

1. The government asks that it be permitted to inspect and copy or photograph all tangible evidence which counsel intends to introduce on behalf of the defendant during the presentation of your case-in-chief at trial.

2. The government asks that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case which counsel intends to introduce on behalf of the defendant in your case-in-chief at trial, or which were prepared by a witness counsel intends to present at trial where the results or reports relate to that witness' testimony.

3. The government requests that the defendant disclose summaries of testimony by any expert witnesses the defendant expects to call on his behalf at trial.

4. The government requests that the defendant provide the notice required under Rule 12.2 of the Federal Rules of Criminal Procedure in the event the defendant intends to offer a defense of insanity or expert testimony concerning his mental condition.

5. The government requests that, pursuant to Rule 26.2 of the Federal Rules of Criminal Procedure, the defendant provide the government with copies of any and all statements made by witnesses for the defense.

6. The government requests that the defendant provide the notice required under Rule 12.1 of the Federal Rules of Criminal Procedure in the event the defendant intends to offer a defense of alibi. The relevant time, date and location is approximately 12:45-1:15PM on May 24, 2005 in the vicinity of Wiggins Village Apartments, Apartment F16, 207 Cranston Street, Providence, Rhode Island.

Sincerely,

Robert Clark Corrente
United States Attorney

Stephen G. Dambruch
Assistant United States Attorney

Enclosures