UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
VS. : Cr. No: CR05-72ML
:
CARLOS DAVID PEREZ :

DEFENDANT'S MOTION
TO BE SENTENCED OUTSIDE THE GUIDELINE RANGE
PURSUANT TO RULE 32 OF THE LOCAL RULES OF THE
UNITED STATES DISTRICT COURT FOR RHODE ISLAND

Now comes the Defendant Carlos David Perez, and moves this Court pursuant to Rule 32 of the Local Rules of this Court, to depart downward from the sentencing guideline range and sentence Defendant to a reasonable sentence.

Defendant files the accompanying Memorandum in support of the Motion.

Carlos David Perez
by his Attorney,

Dated: July ___, 2006

Thomas R. DeSimone, Esq. #2420
DeSimone & DeSimone
735 Smith Street
Providence, RI 02908
(401) 454-1400

CERTIFICATION

I hereby certify that on the 13th day of July, 2006, I mailed a copy of the within Motion first class postage prepaid to Stephanie S. Brown, Esquire, U.S. Department of Justice, Fleet Center, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| VS. | : | Cr. No: CR05-72ML |
| | : | |
| CARLOS DAVID PEREZ | : | |

DEFENDANT'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR DOWNWARD DEPARTURE

Defendant, Carlos David Perez, has filed his Motion seeking of this Court a departure from the advisory sentencing guidelines range that is part of the pre-sentence report dated January 12, 2006.

As this Court is aware the Supreme Court of the United States in United States vs. Booker, 543 U.S. 220, 1255 S. Ct. 738, 160 L.Ed.3d 621 (2005) has determined that the sentencing guidelines are not mandatory and the sentencing judge should have discretionary in sentencing a Defendant.

This Defendant is cognizant of the many cases decided post Booker. Wherein the First Circuit Court of Appeals has stated that, while the sentencing guidelines are now advisory, the sentencing judge should fashion a sentence that is reasonable. See United States vs. Jimenez-Beltre 440 F.3d 514 (2006); United States vs. Dixon (First Circuit May 26, 2006).

This Court has before it the pre-sentence report which calculated the offense level. The Defendant agrees that the sentencing Judge may use the

guidelines as a starting point. However, Defendant refers this Court to United States vs. Alli, 444 8.3d 34, 40 (First Circuit 2006), wherein the Court stated:

> "Once the sentencing Court has established the GSR (including a consideration of any applicable departures), it must then evaluate the sentencing factors set out in 18 U.S.C. 3553(a), along with other relevant considerations. Finally, it must determine, in light of the assessment, whether a sentence above, within, or below GSR is warranted."

Defendant submits that this Court has now the discretionary authority to sentence Defendant below the guideline range as long as the sentence is reasonable.

In reviewing 18 U.S.C. 3553(a), Defendant believes that he is a first time offender and the classification of criminal history category I does not adequately make an adjustment for him. The Defendant submits that this Court may depart downward as a result of a first time offender. Moreover, he submits that when this Court considers the nature and circumstances of the facts surrounding this case, Defendant did not sell or attempt to sell the controlled substance; there were no weapons or violence involved. Thus, Defendant respectfully suggests that a downward departure is in order.

When the Court reflects upon 18 U.S.C. 3553 (a)(1) through (4), Defendant has already been incarcerated since May 2005; he has learned that one must respect the law and will accept the punishment for his wrong doing. Incarceration by itself is a deterrence, there is no need for long term incarceration as would be required under the Federal Sentencing Guidelines. Defendant has

been well behaved while incarcerated attending religion and educational classes to rehabilitate himself.

In 18 U.S.C 3553 (F), the Congress has determined that this Defendant does not have to be given the statutory minimum sentence. Past Booker law now allows this Court to be reasonable in sentencing this Defendant.

Defendant respectfully submits that when this Court reviews the Defendant's entire profile as set forth in the Pre-Sentence Report, Defendant should be sentenced below the minimum established by sentencing guidelines.

Carlos David Perez
by his Attorney,

Dated: July ___, 2006

Thomas R. DeSimone, Esq. #2420
DeSimone & DeSimone
735 Smith Street
Providence, RI 02908
(401) 454-1400

CERTIFICATION

I hereby certify that on the 13th day of July, 2006, I mailed a copy of the within Motion first class postage prepaid to Stephanie S. Brown, Esquire, U.S. Department of Justice, Fleet Center, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903.