**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | **Cr. No. 05-072ML** |
| | ) | |
| **CARLOS DAVID PEREZ** | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO FOR A SENTENCE OUTSIDE THE GUIDELINE RANGE**

Now comes the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Stephanie S. Browne, Assistant United States Attorney, and hereby responds to defendant's Motion for a Sentence Outside the Guideline Range.

Defendant posits a number of "grounds" for a downward departure or, in the alternative, a sentence below the guideline range; however, none of them, either individually or in combination, are sufficient to justify a sentence below the guideline range.

**DOWNWARD DEPARTURES**

In light of United States v. Booker, 125 S.Ct 738 (2005), the guidelines are no longer mandatory in terms of their application by District Courts. However, Booker dictates that District Courts must consult the guidelines and must take them into account when sentencing. "[T]he guidelines remain part and parcel of the sentencing algorithm." United States v. Pho, 433 F.3d 53, 61 (1st Cir. 2006). Sentencing courts are to "consult [the] Guidelines and take them into account when sentencing." Booker, 125 S.Ct. at 767; see also 18 U.S.C. § 3553(a)(4). Compliance with Booker necessitates that guidelines calculations be prepared by the United States Probation Officer. It also necessitates that the Court perform an analysis, in the appropriate case, as to whether a downward, or upward, departure is warranted. As was the case

previous to the Booker decision, District Courts must also consider those factors set forth in 18 U.S.C. § 3553(a), including: the applicable guidelines range; the nature, seriousness and circumstances of the offense; the history and characteristics of the defendant; protection of the public; deterrence to criminal conduct; the need to promote respect for law and provide for just punishment; the needs of the defendant for educational training, vocational training, medical care and other correctional treatment; the need to avoid unwarranted disparities among similarly situated defendants; and restitution concerns.

In terms of a guidelines analysis, pre-Booker case law still applies. Whether the guidelines are mandatory or advisory, such case law interprets and explains the guidelines. Each guideline applies to a heartland of typical cases. United States v. Carrion-Cruz, 92 F.3d 5, 6 (1st Cir. 1996). A District Court has discretion to depart from the guideline range if the Court finds that there exists an "aggravating or mitigating circumstance of a kind, to a degree, not adequately taken into consideration" by the Sentencing Commission in formulating the guidelines. 18 U.S.C. § 3553(b). However, not every mitigating or aggravating circumstance warrants a departure. United States v. Bogdan, 284 F.3d 324, 327 (1st Cir. 2002); United States v. Vasquez, 279 F.3d 77, 80 (1st Cir. 2002), and the guidelines "place essentially no limit on the number of potential factors that may warrant a departure." Burns v. United States, 501 U.S. 129, 136-137 (1991).

The guidelines list several factors which are forbidden and cannot be used as grounds upon which to base a guidelines departure. Other factors are described as "encouraged" or "discouraged." If an encouraged factor is present, the Court may base a guidelines departure decision on that factor if the applicable guideline has not already taken it into consideration. If a

discouraged factor is present, or the encouraged factor has already been taken into account by the guideline, the Court may depart under the guidelines only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present. If the particular factor is not mentioned in the guidelines, the Court must decide whether the factor is sufficient to take the case out of the heartland. A departure based on an unmentioned factor will be "highly infrequent." Koon v. United States, 518 U.S. 81, 96 (1996); United States v. Dethlefs, 123 F.3d 39 (1st Cir. 1997). However, post-Booker, "the fact '[t]hat a factor is discouraged or forbidden under the guidelines does not automatically make it irrelevant when a court is weighing the statutory factors apart from the guidelines.'" United States v. Aitoro, 446 F.3d 246, 255 n. 9 (1st Cir. 2006) (quoting United States v. Smith, 445 F.3d 1, 4 (1st Cir. 2006)). "Nevertheless, [the Jimenez-Beltre] decision did treat the guidelines as more than just 'one factor among many,' deemed them the proper starting point for post-Booker sentencing, and said that the proponent of a variance had to support it." United States v. Navedo-Concepción, No. 05-2301, slip op. at 5 (1st Cir. June 9, 2006) (quoting United States v. Jimenez-Beltre, 440 F.3d 514, 518-19 (1st Cir. 2006)).

Although defendant couches part of his motion in terms of a downward departure, a fair reading of the motion in its entirety indicates that what he seeks is a variance resulting in a sentence below the guideline range.

Defendant argues that he should receive a lower sentence or a departure because this is his first offense. As such, he claims the criminal history category to which he has been assigned over-represents his level of criminality. As the PSR assigned defendant with a Criminal History Category (CHC) of I, it is hard to see how this over-represents his criminal history.

Perez also argues that because he didn't sell the crack cocaine nor did he possess or use a weapon, he deserves leniency. However, an application of the factors listed in 18 U.S.C. § 3553(a) does not afford him such relief. Those factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed-(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment ···; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for ··· the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines ···; (5) any pertinent policy statement ··· issued by the Sentencing Commission ···; (6) the need to avoid unwarranted sentence disparities among defendants with similar records ···; and (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a)(1) requires the sentencing court to consider a defendant's background and the circumstances of the instant offense. In this case, such an examination affords defendant no relief. Defendant possessed with the intent to distribute 176.92 grams of crack cocaine. That is equal to over 6 ounces and is worth just under $6,000 on the street. This is three times the amount which triggers the statutory mandatory minimum of 10 years. Significantly, defendant took a small child along with him when he was either carrying or receiving the crack cocaine. He showed a startling lack of regard for the safety of that child. Perez either did not consider how this might affect a child or he did not care. Neither is a point in his favor.

As for his personal history, defendant is among a minority who come before this Court in that, although he has been convicted of a drug trafficking offense, he himself is not a drug user. He reported to Probation that he has no history of substance abuse. PSR ¶ 42. Thus it is fair and

reasonable for the Court to conclude that he had these drugs purely as a commercial venture - he did this for profit. This was a business, a result of greed not of need brought on by drug addiction. Perez does not suffer from any mental health or emotional health problems. PSR ¶ 41. He is 37 years old and thus this offense can not be described as a youthful indiscretion. Further he describes his family in laudatory terms. He does not claim any childhood abuse or neglect. PSR ¶¶ 35, 36.

18 U.S.C. § 3553(a)(2) sets forth a number of considerations for the sentencing court. Among those considerations are the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense; to provide adequate deterrence to criminal conduct; and to protect the public from further crimes at the hands of defendant. Given defendant's lack of any motivation for this crime other than a desire for money, it is necessary to sentence him adequately. Congress has set out its views of the dangers of crack cocaine. It has established a sentencing scheme through the United States Sentencing Commission and the guidelines produced by it that set more severe sentences for crack cocaine than for powder cocaine. In a case such as this one where defendant has no compelling reasons why he could not conform his conduct to the law, the factors in § 3553(a)(2) which go to deterrence, respect for the law, just punishment, and protection for the public all serve individually and collectively as reasons why a sentence at the mid-point of the guideline range is reasonable and appropriate.

Contrary to the admonition in Jimenez-Beltre that the proponent of a variance has to provide support for a sentence below the advisory guideline range, defendant has provided no support for such a decision. He has demonstrated no personal characteristics, no facts about the

crime, nor any grounds to support a conclusion that a sentence belwo the range as set forth in the PSR would be reasonable or would meet the requirements of 18 U.S.C. § 3553(a).

For all of the foregoing reasons, defendant's motion should be denied. He should be sentenced to 109 months, the mid-point of the advisory range. Such a sentence is reasonable when all of the factors within the statute are considered and weighed.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

STEPHANIE S. BROWNE
Assistant U. S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of July, 2006, a copy of the within Government's Response was sent by ordinary mail and postage prepaid to Thomas R. DiSimone, 735 Smith Street, Providence, Rhode Island 02908.